```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ARTHUR O. KLEIN,                  :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :    CASE NO. 3:10CV425(RNC)
                                  :
DIRECTOR OF U.S. PATENT AND       :
TRADEMARK OFFICE, ET AL.          :
                                  :
     Defendants.                  :
```

RECOMMENDED RULING ON
PLAINTIFF'S MOTION FOR JUDGMENT AND FOR A PRELIMINARY INJUNCTION

Pending before the court is the plaintiff's Motion for Judgment and for a Preliminary Injunction (doc. #5). The plaintiff's Motion for Judgment should be denied because the plaintiff failed to submit a prefiling conference request as required by the Order on Pretrial Deadlines, doc. #4. Moreover, the motion is premature because the defendants have not yet been served with the complaint.

The plaintiff's Motion for Preliminary Injunction should also be denied. To obtain a preliminary injunction, a party must show (1) that he will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) the existence of sufficiently serious questions on the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. See Fed. Express Corp. v. Fed. Espresso Inc., 201 F.3d 168, 173 (2d Cir. 2000). The movant for a preliminary injunction bears the burden

of showing irreparable harm, which "is the single most important prerequisite for the issuance of a preliminary injunction." Rodriquez ex. rel. Rodriquez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999) (quotation marks and citation omitted).  A failure to demonstrate irreparable harm will result in a denial of preliminary injunctive relief.  See Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (explaining  that a moving party "must first demonstrate that [irreparable harm] is likely before the other requirements for the issuance of an injunction will be considered").  To satisfy this burden, "the movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."   Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) (quotation marks and citation omitted).

Even construing the papers liberally, the plaintiff has made no showing that he will suffer irreparable harm in the absence of an injunction.  On the present record, there are no grounds for the court to entertain his request for an injunction.  The court therefore recommends that the plaintiff's motion be denied.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6 & 72;

Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300(2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv.s, 892 F.2d 15, 16 (2d Cir. 1989).

    SO ORDERED at Hartford, Connecticut this 19th day of April, 2010.

                                              _____/s/_____
                                              Donna F. Martinez
                                              United States Magistrate Judge