```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

ARTHUR O. KLEIN,                :
                                :
    Plaintiff,                  :
                                :
    v.                          :     CASE NO. 3:10CV425(RNC)
                                :
DIRECTOR OF U.S. PATENT AND     :
TRADEMARK OFFICE, ET AL.        :
                                :
    Defendants.                 :

### RULING ON PLAINTIFF'S MOTION TO AMEND

Pending before the court is the *pro se* plaintiff's Motion to Amend, doc. #26. The motion is GRANTED in part and DENIED in part for the reasons that follow.

### Motion to Amend Complaint

The plaintiff first requests permission to file an amended complaint. Fed. R. Civ. P. 15(a) permits a plaintiff to amend his complaint once as of right, within certain time limitations.[1]

---

[1] Fed. R. Civ. P. 15(a) was recently revised. The new rule permits a party to amend (a) within 21 days of serving the pleading if it is one to which no responsive pleading is required, or (b) if it is a pleading to which a responsive pleading is required, within 21 days after service of a responsive pleading or motion to dismiss. See also 3 Moore's Federal Practice § 15.10 (3d Ed. 2010). In addition to amending the text of his complaint, plaintiff seeks to join a new plaintiff and two new defendants. This joinder is also properly accomplished by amendment of the complaint within the Rule 15(a) deadlines. See, e.g., Kiobel v. Royal Dutch Petroleum Co., No. 02 Civ. 7618 (KMW) (HBP), 2005 U.S. Dist. LEXIS 27784 (S.D.N.Y. Aug. 15, 2005)(collecting cases); First City Nat'l Bank & Trust Co. v. Federal Deposit Ins. Co., 730 F. Supp. 501 (E.D.N.Y. 1990). See also 3 Moore's Federal Practice § 15.16[1] (3d Ed. 2010)("[t]he more persuasive cases hold that a party's right to amend as a matter of course, if accomplished within the deadlines set by Rule 15(a), extends to all amendments including amendments to drop or add parties").

Plaintiff's amendment is therefore permitted under the rule. His request to file an amended complaint is GRANTED.

When filing the amended complaint, the plaintiff should heed the following. The caption must list the names of all parties, both plaintiffs and defendants. Fed. R. Civ. P. 10(a). One of the names listed as a plaintiff in the proposed amended complaint is Diane L. Klein, apparently the wife of plaintiff Arthur O. Klein. Plaintiff Arthur O. Klein may not represent his wife. A *pro se* party who is not an attorney admitted to this court may not represent anyone other than himself. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). Of course, Diane L. Klein may retain counsel to represent her. If Diane L. Klein does not wish to retain counsel, she must file her own *pro se* appearance and must sign the complaint and all other papers filed on her behalf.

The plaintiff shall file his proposed First Amended Complaint on or before **July 30, 2010**.

Other Relief Requested

The plaintiff's motion also seeks other relief that is not governed by Fed. R. Civ. P. 15(a). As to all of those requests, the plaintiff's motion is DENIED as follows.

First, the plaintiff's request to reopen Klein v. Vibber P.C. v. Collard & Roe P.C., 94-cv-1861 and Klein v. Collard, 97-cv-693 is denied. That request is not properly made in a Motion

to Amend in this action.  If plaintiff has valid grounds under Fed. R. Civ. P. 60[2] for reopening a case that has been closed for a decade or more, he should file his motion to reopen under the docket number of the closed case, with a memorandum of law setting forth the grounds for relief.

Next, to the extent the plaintiff seeks to "transfer" to this court two lawsuits currently pending in Connecticut Superior Court, that request is denied.[3]  A plaintiff is not permitted to remove a state court action to federal court.[4]   See 28 U.S.C. §§ 1441(a); Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855,

---

[2]Rule 60(a) authorizes a court to correct clerical mistakes. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Any motion under Rule 60(b) must be made "within a reasonable time," and motions brought under 60(b)(1), 60(b)(2) or 60(b)(3) must be filed within one year.  See Fed. R. Civ. P. 60(c)(1).

[3]The subtitle of the proposed First Amended Complaint, doc. #27, refers to "transfer to this court" of Klein v. AIG, CV-95-03252 and Klein v. Statewide Grievance Committee, CV-09-4016764. Plaintiff also incorporates by reference a memorandum which states his intent "to remove all past related state court civil actions to this court." (Doc. #20 at 2-3.)

[4]Plaintiff Klein appears to be the plaintiff in the state court cases.  Even if he were a defendant, he has not demonstrated compliance with the timing and procedural requirements for removal.

863 (2d Cir. 1988) ("[q]uite simply, a party who is in the position of a plaintiff cannot remove").

### Future Filings

Finally, the *pro se* plaintiff is notified that, in order to simplify the court's review of pending motions in the future, all of his arguments in support of any motion should be included in a memorandum of law filed with the motion. To create a clear record and ensure that the court has before it the party's entire argument, parties are discouraged from attempting to "incorporate by reference" previously-filed documents and from filing "notices" not connected to a specific motion.

SO ORDERED at Hartford, Connecticut this 12th day of July, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge